UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WEST COAST 2014-7, LLC,

                Plaintiff,

      v.

THOMAS MACKINNON, MARIA
MACKINNON, MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC., as Nominee for
Accredited Home Lenders, Inc., and
CITIBANK (SOUTH DAKOTA), NA,

                Defendants.

_____

**DECISION AND ORDER**

1:19-CV-00888 EAW

**INTRODUCTION**

Plaintiff West Coast 2014-7, LLC ("Plaintiff") commenced this action on July 5, 2019, pursuant to Article 13 of the New York Real Property Actions and Proceedings Law ("RPAPL"), to foreclose a mortgage encumbering 520 Fries Road, Tonawanda, New York, together with the land, buildings, and other improvements located on the property ("Property"). (Dkt. 1). Presently before the Court are a motion to dismiss (Dkt. 11) and amended motion to dismiss (Dkt. 23) filed by defendants Thomas Mackinnon and Maria Mackinnon (collectively "Defendants"), who were proceeding *pro se* at the time of filing.[1]

_____

[1]     Defendants Mortgage Electronic Registration Systems, Inc. and Citibank (South Dakota), NA have not yet appeared in this action.

For the following reasons, the Court denies the motion to dismiss (Dkt. 11) as moot, and denies the amended motion to dismiss (Dkt. 23) on the merits.

## BACKGROUND

The following facts are taken from the allegations in Plaintiff's Verified Complaint and the documents attached thereto. (Dkt. 1). As is required on motions such as these, the Court treats Plaintiff's allegations as true.

On February 6, 2004, Thomas Mackinnon executed and delivered a promissory note to Accredited Home Lenders, Inc. ("AHL") in the original principal amount of $122,400.00 and interest (the "Note"). (Dkt. 1 at ¶ 11; Dkt. 1-1 at 30-36). Also on or about February 6, 2004, Defendants executed and delivered a mortgage to Mortgage Electronic Registrations Systems, Inc., ("MERS") as the nominee for AHL to secure the sum of $122,400.00 and interest ("Mortgage"). (Dkt. 1 at ¶ 10; Dkt. 1-1 at 5-28). The Mortgage was recorded in the Erie County Clerk's Office.

On April 7, 2008, an assignment of mortgage was recorded in the Erie County Clerk's Office in which MERS "as nominee" for AHL assigned the Mortgage, "together with the bond or obligation described in said [M]ortgage," to Deutsche Bank National Trust Company ("Deutsche Bank"). (Dkt. 1-1 at 42-43). On April 8, 2008, Deutsche Bank filed an action in the State of New York County Court of Erie County to foreclose on Defendants' property ("State Action"). (Dkt. 31-2).[2] The complaint for the State Action

---

[2]     The Court takes judicial notice of the Summons, Complaint, and Motion to Discontinue filed in the State Action. (Dkt. 31-1; Dkt. 31-2). *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial

states that Deutsche Bank "elects to call due the entire amount secured by the mortgage." (Dkt. 31-2 at 5). On January 12, 2017, Deutsche Bank filed a motion to discontinue the action to allow itself to comply with the requirements of RPAPL § 1304. (Dkt. 31-1 at 5-8). The action was discontinued on June 5, 2017. (*Id.* at 2-4).

On July 1, 2013, Defendants defaulted under the terms of the Note and Mortgage by failing to make their monthly payment. (Dkt. 1 at ¶ 15). Deutsche Bank assigned the Mortgage to West Coast 2015-4, LLC on July 30, 2018, and the assignment was recorded on October 15, 2018. (*Id.* at ¶ 12). On January 4, 2019, Plaintiff issued a 30-day notice to cure to Defendants, as well as the 90-day notices provided by RPAPL § 1304(1). (*Id.* at ¶ 16). West Coast 2015-4, LLC assigned the Mortgage to Plaintiff on January 31, 2019, and the assignment was recorded on February 7, 2019. (*Id.* at ¶ 12). Plaintiff is in physical possession of the Note and Mortgage. (*Id.* at ¶ 14).

Plaintiff filed the instant action on July 5, 2019. (*Id.*). Defendants, proceeding *pro se*, filed an Answer and motion to dismiss on August 9, 2019. (Dkt. 10; Dkt. 11). On August 21, 2019, Defendants filed an Amended Answer and counterclaim (Dkt. 16), and Plaintiff filed its answer to the counterclaim on August 26, 2019 (Dkt. 17). Plaintiff was granted an extension to respond to the motion to dismiss until November 1, 2019. (Dkt. 15). On October 29, 2019, Plaintiff filed a motion for a telephone settlement conference, as well as a further extension of time within which to file its response to Defendants' motion. (Dkt. 19). The Court granted the extension, and the case was referred to United

---

notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.").

States Magistrate Judge H. Kenneth Schroeder to address the motion for a settlement conference. (Dkt. 20). Judge Schroeder granted the motion for a settlement conference on October 31, 2019, and the telephone conference was scheduled for November 14, 2019 (Dkt. 21). Defendants filed an amended motion to dismiss on October 30, 2019 (Dkt. 23).

At the settlement conference, Defendants advised Judge Schroeder that they had retained counsel, and the conference was adjourned to November 26, 2019. (Dkt. 25). Defendants' counsel appeared on the record on November 18, 2019. (Dkt. 26). At the settlement conference, the parties were directed to undertake settlement discussions. (Dkt. 28). On December 17, 2019, the undersigned granted a further extension of time to respond to the pending motions to dismiss. (Dkt. 30). Plaintiff filed its response on January 14, 2020 (Dkt. 31), and Defendants filed their counseled reply on January 28, 2020 (Dkt. 32).

## DISCUSSION

### I.    Legal Standard

Although Defendants did not specify which rule they bring their motions under, the Court construes Defendants' motions as motions for judgment on the pleadings brought pursuant to Federal Rule of Civil Procedure 12(c). "Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings." *McAuliffe v. Barnhart*, 571 F. Supp. 2d 400, 402 (W.D.N.Y. 2008). "In deciding a Rule 12(c) motion for judgment on the pleadings, the court should 'apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.'" *Aboushama*

*v. EMF Corp.*, 214 F. Supp. 3d 202, 205 (W.D.N.Y. 2016) (quoting *Mantena v. Johnson*, 809 F.3d 721, 727-28 (2d Cir. 2015)).

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). A court should consider the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016), *cert. denied*, 137 S. Ct. 2279 (2017). To withstand dismissal, a claimant must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen*

*v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

## II.   Statute of Limitations

Defendants contend that the instant action is barred by the statute of limitations. Defendants argue that Deutsche Bank accelerated the mortgage in the action it commenced in April 2008, and that as a result the statute of limitations for the entire amount accrued by the mortgage expired in April 2014.  (Dkt. 32 at 5-10).  The Court finds it cannot determine at this stage whether the statute of limitations bar applies, and denies Defendants' motions.

As a preliminary matter, Defendants' amended motion filed on October 30, 2019 (Dkt. 23) is substantially similar to the initial motion filed on August 9, 2019 (Dkt. 11). Accordingly, the Court denies the initial motion as moot.

"The statute of limitations for a mortgage-foreclosure action is six years under New York law."  *Costa v. Deutsche Bank Nat'l Tr. Co. for GSR Mortg. Loan Tr. 2006-OA1*, 247 F. Supp. 3d 329, 340 (S.D.N.Y. 2017); *see* N.Y. C.P.L.R. § 213 (providing that "an action upon a bond or note, the payment of which is secured by a mortgage upon real property, or upon a bond or note and mortgage so secured, or upon a mortgage of real property, or any interest therein" shall "be commenced within six years").  "With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due." *Bank of N.Y. Mellon v. Craig*, 169 A.D.3d 627, 628 (2d Dep't 2019).  However, "even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount

is due and the Statute of Limitations begins to run on the entire debt." *EMC Mortg. Corp. v. Patella*, 279 A.D.2d 604, 605 (2d Dep't 2001).

"Sometimes . . . whether maturity has arrived through acceleration can be a question of fact." *Wells Fargo Bank, N.A. v. Burke*, 94 A.D.3d 980, 983 (2d Dep't 2012) (quotation omitted). "[I]t is now well settled, that an acceleration of a mortgaged debt, by either written notice or the commencement of an action, is only valid if the party making the acceleration had standing at that time to do so." *Milone v. US Bank Nat'l Ass'n*, 164 A.D.3d 145, 153 (2d Dep't 2018), *leave to appeal dismissed*, 34 N.Y.3d 1009 (2019). "A plaintiff has standing where it is both (1) the holder or assignee of the subject mortgage and (2) the holder or assignee of the underlying note, either by physical delivery or execution of a written assignment prior to the commencement of the action with the filing of the complaint." *Aurora Loan Servs., LLC v. Weisblum*, 85 A.D.3d 95, 108 (2d Dep't 2011); *see EMC Mortg. Corp. v. Suarez*, 49 A.D.3d 592, 593 (2d Dep't 2008) ("[T]he note was never assigned to that entity and it therefore never had authority to accelerate the debt or to sue to foreclose. Accordingly, the purported acceleration was a nullity and the six-year statute of limitations, which ordinarily would commence running on the date of acceleration, did not begin to run on the entire debt at that time." (citations omitted)).

Defendants have not met their initial burden at this stage of establishing that the purported acceleration of the Mortgage by Deutsche Bank in April 2008 was valid. Defendants contend that the Note was properly assigned to Deutsche Bank because the April 7, 2008, assignment states that MERS "as nominee" for AHL—the holder of the Mortgage and Note—assigned the Mortgage, "together with the bond or obligation

- 7 -

described in said [M]ortgage," to Deutsche Bank. (Dkt. 1-1 at 42-43). "However, as 'nominee,' MERS's authority was limited to only those powers which were specifically conferred to it and authorized by the lender." *Bank of N.Y. v. Silverberg*, 86 A.D.3d 274, 281 (2d Dep't 2011). Nothing in the Note, Mortgage, or April 7, 2008, assignment indicates that AHL conferred authority to MERS to assign the Note. (*See* Dkt. 31-3 at 9 (Note stating "Lender may transfer this Note," but not stating that nominee had authority to transfer or assign Note); *see also Silverberg*, 86 A.D. 3d at 281 ("[A]lthough the consolidation agreement gave MERS the right to assign the mortgages themselves, it did not specifically give MERS the right to assign the underlying notes, and the assignment of the notes was thus beyond MERS's authority as nominee or agent of the lender."); *Weisblum*, 85 A.D.3d at 109 (finding there was no standing to accelerate the mortgage where "there is nothing in this document to establish the authority of MERS to assign the first note"). Nor do the Complaint or the documents attached thereto indicate that Deutsche Bank had physical possession of the Note when it filed the State Action. *See HSBC Bank USA v. Rinaldi*, 177 A.D.3d 583, 585 (2d Dep't 2019) (holding "the commencement of the 2009 action did not accelerate the mortgage debt, and the statute of limitations did not begin to run when the 2009 action was commenced" where "the record contains no evidence of either a written assignment or physical delivery of the underlying note to the plaintiff prior to April 2, 2009, so as to establish the plaintiff's standing to commence the 2009 action").

Defendants cite *Deutsche Bank National Trust Company v. Pietranico*, 33 Misc.3d 528 (N.Y. Sup. Ct., Suffolk Cty. July 27, 2011), to support their contention that when the

mortgage and note are read together, "it is patent that the note and mortgage remained united and together." (Dkt. 32 at 8). However, *Pietranico* is distinguishable from the instant matter. It was undisputed that the plaintiff in *Pietranico* had possession of the original note—the issue before the court was determining whether MERS had the authority to assign the mortgage. *See* 33 Misc.3d at 531, 542-53. The *Pietranico* court stressed that "[t]he holder of the note is deemed the owner of the underlying mortgage loan with standing to foreclose," and that "the 'mortgage follows the note' so that when the note changes hands, the mortgage interest automatically follows." *Id.* at 545; *see Deutsche Bank Nat. Tr. Co. v. Spanos*, 102 A.D.3d 909, 911 (2d Dep't 2013) ("A mortgage is merely security for a debt or other obligation and cannot exist independently of the debt or obligation." (quotations omitted)). Moreover, *Pietranico* specifically distinguished itself from a case where the court found plaintiff failed to establish standing by showing it was the lawful holder or assignee of the note at issue. 33 Misc.3d at 552 ("In this context, plaintiff is entitled to enforce the lien because it holds the note (*compare US Bank N.A. v Madero*, 80 A.D.3d 751 (2d Dep't 2011))."). Here, in contrast, the assignment of the Mortgage is not at issue; instead, Defendants have not yet demonstrated that Deutsche Bank was the lawful holder or assignee of the Note.

Defendants also argue that the standing issue was waived in the State Action because it was not raised as an affirmative defense in an answer or pre-answer motion to dismiss. However, Defendants have not submitted, much less asked the Court to take judicial notice of, the answer or any pre-trial motion to dismiss filed in the State Action, or even a docket from the State Action illustrating that such documents were filed. Even if

the standing issue was not raised in an answer or pre-answer motion to dismiss in the State

Action, Defendants have also not established that the waiver issue should be barred in the

instant action by res judicata or collateral estoppel.[3]  "Collateral estoppel precludes a party

from relitigating in a subsequent action or proceeding an issue clearly raised in a prior

action or proceeding and decided against that party."  *Tracy v. Freshwater*, 623 F.3d 90,

99 (2d Cir. 2010) (quotation omitted).  Additionally, "[u]nder New York law, the doctrine

of [res judicata] bars litigation of claims or defenses that were or could have been raised in

a prior proceeding where that prior proceeding resulted in a final judgment on the merits

and arose out of the same factual grouping as the later claim[.]"  *Nath v. JP Morgan Chase*

*Bank*, No. 15-CV-3937 (KMK), 2016 WL 5791193, at *8 (S.D.N.Y. Sept. 30, 2016).

Defendants have not established that the waiver issue was previously litigated so as to be

---

[3]     All of the cases cited by Defendants found that the standing issue was waived when a defendant attempted to untimely raise it in the same action.  *See US Bank Nat'l Ass'n v. Nelson*, 169 A.D.3d 110, 114 (2d Dep't 2019) (finding standing argument waived when raised in motion to dismiss after answer with affirmative defenses had been filed); *Chase Home Fin., LLC v. Howland*, 149 A.D.3d 1405, 1405-06 (3d Dep't 2017) (same); *Bank of N.Y. Tr. Co. v. Chiejina*, 142 A.D.3d 570, 572 (2d Dep't 2016) (finding standing issue was waived when raised for first time during motion for summary judgment); *One W. Bank, FSB v. Vanderhorst*, 131 A.D.3d 1028, 1028 (2d Dep't 2015) (same); *JP Morgan Chase Bank, Nat'l Ass'n v. Butler*, 129 A.D.3d 777, 779-80 (2d Dep't 2015) (finding standing issue was waived when raised for first time during motion to dismiss filed after answer); *Deutsche Bank Nat'l Tr. Co. v. Islar*, 122 A.D.3d 566, 567 (2d Dep't 2014) ("Where . . . the defendants in a mortgage foreclosure action waive the issue of standing by failing to assert the defense in an answer or pre-answer motion to dismiss the complaint, the plaintiff need not establish its standing in order to demonstrate its prima facie entitlement to judgment as a matter of law." (citation omitted)); *Wells Fargo Bank Minn., N.A. v. Mastropaolo*, 42 A.D.3d 239, 239 (2d Dep't 2007) (holding "in a mortgage foreclosure action where defendant mortgagor raised the standing issue . . . for the first time in an attorney's affirmation submitted in opposition to plaintiff's motion for summary judgment, defendant waived the issue").

barred by collateral estoppel. *See Bank of N.Y. Mellon v. Chamoula*, 170 A.D.3d 788, 790-91 (2d Dep't 2019) ("[T]he defendant failed to establish that the issue of the plaintiff's standing to commence the prior action was clearly raised in the prior action and decided against the plaintiff."). Additionally, the State Action was dismissed after Deutsche Bank filed a motion to discontinue the action to allow itself to comply with the requirements of RPAPL 1304 (Dkt. 31-1 at 5-8), not as the result of a final judgment on the merits that would implicate res judicata like a judgment of foreclosure, *see Nath*, 2016 WL 5791193, at *9 ("The issue of Private Defendants' standing to foreclose on the loan was necessarily decided by the State Court when it issued the Foreclosure Judgment."); *Signature Bank v. Epstein*, 95 A.D.3d 1199, 1200 (2d Dep't 2012) ("A judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and concludes all matters of defense which were or might have been litigated in the foreclosure action." (quotation omitted)).

For the foregoing reasons, the Court finds Defendants have not established that Plaintiff's claim is barred by the six-year statute of limitations at this stage of the proceedings. While Defendants may obtain information during discovery that could establish that the statute of limitations has run, they have not made the requisite showing here. Accordingly, Defendants' motion is denied on these grounds.

## III.   Laches

Defendants also contend that Plaintiff's action is barred by laches. "Laches is an equitable defense available to a defendant who can show that the plaintiff has inexcusably slept on [its] rights so as to make a decree against the defendant unfair, and that the

defendant has been prejudiced by the plaintiff's unreasonable delay in bringing the action."

*Zuckerman v. Metro. Museum of Art*, 928 F.3d 186, 190 (2d Cir. 2019) (alteration in

original) (quotation omitted), *cert. denied*, __ S. Ct. __, No. 19-942, 2020 WL 981838

(U.S. Mar. 2, 2020).   Defendants argue that the "inordinate lapse of time between the

default and foreclosure action" resulted in prejudice to Defendants, but do not explain what

prejudice they have suffered.  (Dkt. 32 at 10).  This conclusory remark is not sufficient to

invoke the doctrine of laches.   *See Abbott Labs. v. Adelphia Supply USA*, No.

15CV5826CBALB, 2019 WL 5696148, at *14 (E.D.N.Y. Sept. 30, 2019) ("Conclusory

statements are insufficient to establish prejudice for laches."); *see also Gibson v.*

*Metropolis of CT LLC*, No. 19-CV-00544 (KAD), 2020 WL 956981, at *12 (D. Conn. Feb.

27, 2020) ("[L]aches is a fact-based inquiry that courts rarely resolve . . . at the pleading

stage." (omission in original) (quotation omitted)).   Accordingly Defendants' motion is

denied on this basis.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Dkt. 11) and amended

motion to dismiss (Dkt. 23) are denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:  April 21, 2020
        Rochester, New York